# IN THE COURT OF APPEALS OF IOWA

No. 14-1690
Filed February 11, 2015

IN THE INTEREST OF R.N.,
N.F., C.F., and D.H.,
    Minor Children,

M.F., Mother,
    Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Brian L.
Michaelson, Judge.

A mother appeals the termination of her parental rights to one child.
**AFFIRMED.**

Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux
City, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant
Attorney General, Patrick Jennings, County Attorney, and Diane M. Murphy,
Assistant County Attorney, for appellee.

John S. Moeller of John S. Moeller, P.C., Sioux City, for father.

Timothy A. Scherle, Sioux City, attorney and guardian ad litem for minor
child.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

A mother, M.F., appeals[1] the termination of her parental rights to one child, D.H., claiming termination is not in the child's best interest as the child resides with a relative. We find the juvenile court exercised its discretion and correctly determined it was in the best interests of D.H. to terminate M.F.'s parental rights.

## I.    BACKGROUND FACTS AND PROCEEDINGS

D.H. was born in late 2013, and adjudicated a child in need of assistance (CINA) in February 2014. Prior to the dispositional hearing, D.H. stayed with the mother during the week and with the father on the weekends. Due to the mother's continuing struggles with substance abuse, mental health, and male dependency issues, in March 2014, D.H. was placed solely in the father's custody. D.H. has not returned to the mother's custody since the removal in March.

The department of human services (DHS) offered services to the mother, including: a substance abuse evaluation; family safety, risk, and permanency services; supervised visits with the children; random drug tests; inpatient substance abuse treatment; half-way house services; family team meetings; and outpatient substance abuse treatment. The mother was not receptive to services and continued to relapse. We incorporate the juvenile court's conclusions concerning M.F.:

---

[1] M.F. consented to the termination of her parental rights to her three older children, R.N., N.F., and C.F.; she does not appeal these terminations.

The children's mother has had ongoing substance abuse, mental health, and relationship issues spanning many years. She has been provided with a myriad of services, but, unfortunately, in her words, continues to make "mistakes." She is unemployed without any source of income, living with a male friend . . . ; she is no longer involved in substance abuse treatment; she has disengaged in all services; she has had no meaningful contact with these children, having left the area for several months to get away from her drug-using friends, and she simply wants the Department and this court out of her life.

On June, 20, an order was entered terminating M.F's parental rights pursuant to Iowa Code sections 232.116(1)(e), (f), (h), and (*l*) (2013).

## II.    STANDARD OF REVIEW

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III.    DISCUSSION

Iowa Code chapter 232, concerning the termination of parental rights, follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally,

if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

M.F.'s sole claim is the juvenile court should not have terminated her parental rights to D.H. because D.H. was in the custody of a relative, the father. Therefore, our analysis focuses on 232.116(3)(a), which provides: "The court need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of the child." "The factors weighing against termination in section 232.116(3) are permissive, not mandatory. The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011).

Upon our de novo review we agree with the juvenile court's conclusion. At the termination proceeding, when the court asked the father's attorney for his opinion on preserving the mother's parent rights he stated the mother's rights should be terminated. The father's attorney noted if the mother's parental rights were preserved, in the future she could instigate litigation in an attempt to regain some rights over D.H.—the litigation could be harmful to D.H. by placing her in the middle of a conflict between her parents. Additionally, we find it would be damaging to D.H. to be put in the position of hoping someday her mother will get her life in order. The record demonstrates M.F. will not be in a position to parent D.H. in the near future. *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998)

("[I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future."). We find the juvenile court exercised its discretion and correctly determined it was in the best interests of D.H. to terminate M.F.'s parental rights.

**AFFIRMED.**